Karin M. Gunter, Esquire
PA ID No. 79852
Law Office of Karin M. Gunter
85 Old Cedarbrook Road
Wyncote, PA 1905
(215) 548-9992

ATTORNEY FOR PLAINTIFF,
MAURICE A. GOODWIN

## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MAURICE A. GOODWIN,
    Plaintiff

    v.

PHILADELPHIA GAS WORKS and.
  GAS WORKS EMPLOYEES' UNION LOCAL 686
    Defendants.

:
:
:
:
:
:
:
:
:

Civil Action No.:

JURY TRIAL DEMANDED

### COMPLAINT

### Preliminary Statement

This action is brought by an employee against his employer and his labor union
(collectively "Defendants") for discrimination based on race and color in violation of Title VII of
the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-1 *et seq.* ("Title VII");
Pennsylvania Human Relations Act, *as amended*, 43 P.S. §§ 951-963 ("PHRA"); Section 1983
of the Civil Rights Act of 1871, *as* amended, 42 U.S.C. § 1983 ("Section 1983"); and for
violation of his rights under the Civil Rights Act of 1866, *as amended*, 42 U.S.C. §1981a
("Section 1981A").

Plaintiff seeks front pay, back pay, compensatory and punitive damages, attorney's
fees, expert fees, costs and such other relief as this Court deems just and proper.

### Jurisdiction and Venue

1.  Original jurisdiction over Plaintiff's federal question claims is conferred upon this
Court pursuant to 42 U.S.C. § 2000e-5(f)(1) and 28 U.S.C. §§ 1331 and 1343.  Supplemental
jurisdiction over Plaintiff's state law claims is conferred upon this Court pursuant to 28 U.S.C. §

1367(a).

2. Venue lies in this district by 28 U.S.C. § 1391(b) and (c) in that all actions complained of occurred and Defendant resides in this district.

3. Plaintiff has exhausted his administrative remedies under Title VII and PHRA.

4. On or about October 3, 2018, Plaintiff dually filed an administrative complaint against Defendants Philadelphia Gas Works ("PGW" or "Employer") and Gas Works Employees' Union Local 686 ("Local 686" or "Union") with United States Equal Employment Opportunity Commission ("EEOC") and the Pennsylvania Human Relations Commission ("PHRC") alleging race and color discrimination.

5. On or about July 3, 2019, Plaintiff received EEOC's Notice of Right to Sue letters for his claims against both defendants.

True and correct copies of EEOC's Right to Sue Letters are attached as Exhibit "A".

6. Plaintiff anticipates receiving a similar closure letter from the PHRC.

## Parties

7. Plaintiff MAURICE A. GOODWIN ("Plaintiff" or "Goodwin") is an adult person and a citizen of the United States.  Plaintiff resides in Philadelphia, Pennsylvania.  At all times relevant to this action, Plaintiff was employed by Defendant PGW and a dues paying member of Defendant Local 686.

8. Defendant PHILADELPHIA GAS WORKS is a municipality owned gas utility company.  It is headquartered at 800 W. Montgomery Avenue, Philadelphia, PA 19122 with more than 500 employees.

9. Defendant GAS WORKS EMPLOYEES' UNION LOCAL 686 is a trade and labor union and is part of the Utility Works Union of America.  It is headquartered at 9190 Marshall Street, Philadelphia, PA 19154 with more than 500 members.

## Factual Allegations

10. Plaintiff is an African American male.

11. Plaintiff is a black and/or brown male.

12. Defendant PGW hired Plaintiff on or about February 8, 2012 as a Laborer – Distribution Worker.

13. Plaintiff became a Process Operator 1/Senior Process Operator since January 6, 2017, and is currently employed as a Senior Process Operator at PGW Gas Processing Operations Passyunk Plant ("Passyunk Plant").

14. At all times relevant At all times relevant to this action, the following exists:

 a. John Zuk ("Zuk")(Caucasian), PGW Vice President of Gas Processing.

 b. James Kluzinski ("Kluzinski")(Caucasian), PGW management.

 c. Brian McGuire ("McGuire")(Caucasian) is Plant Management at Passyunk plant since on or about late 2014.

 d. David Martinez ("Martinez")(Caucasian Hispanic) is General Supervisor at Passyunk plant since on or about August 2015.

 e. Ryan O'Donnell ("O'Donnell")(Caucasian) is Operation Supervisor at Passyunk plant.

 f. Thomas Mack ("Mack")(Caucasian) is a Senior Safety Representative at Passyunk plant.

 g. John Mullin ("Mullin")(Caucasian) is Operation Supervisor at Passyunk plant.

 h. Wallace Benson ("Benson")(African American) is Operation Supervisor at Passyunk plant.

 i. Michael Tomczak ("Tomczak")(Caucasian) is a Working Foreman at Passyunk plant.

 j. Jose Ortiz ("Ortiz")(Caucasian Hispanic) is a Working Foreman at Passyunk plant.

 k. Gary Nelson ("Nelson")(African American) is a Working Foreman at Passyunk plant.

l.   Miguel Chavarria, Jr. ("Chavarria")(African American) is a Working Foreman at Passyunk plant.

m.   Dwayne Ackie ("Ackie")(African American) is a Senior Process Operator (Operator 1) at Passyunk plant.

n.   John Jenkins ("Jenkins")(African American) was a Process Operator at Passyunk plant.

o.   Pat McGlone ("McGlone")(Caucasian) was a Process Operator 2 at PGW Gas Processing – Richmond Plant ("Richmond Plant")

p.   John Macomer ("Macomber")(Caucasian Hispanic) was a Process Operator 2 at Richmond plant.

q.   Mark Gaydosh ("Gaydosh")(Caucasian) is a Union Local 686 representative at Passyunk plant.

r.   James Gill ("Gill")(Caucasian Hispanic) is a Union Local 686 representative at Passyunk plant.

## COUNT I
## Plaintiff v. PGW
## Race and Color Discrimination –
## Retaliation

15. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

16. Plaintiff is a member of a protected class.

17. Plaintiff is qualified for the position of Senior Process Operator.

18. On or about December 2017, Chavarria filed an internal complaint with PGW regarding discrimination at the Passyunk plant regarding hostile work environment, stalking, harassment, scheduling and other employment practices against himself and other African American, black and brown coworkers ("Internal Complaint").

19. As part of that internal discrimination complaint, PGW conducted interviews of

various Passyunk plant employees including Plaintiff.

20. PGW representative, Matthew Rohrer ("Rohrer") interviewed Plaintiff on or about January 2018 as part of the internal discrimination complaint filed by Chavarria.

21. PGW representatives also interviewed Ackie and Chavarria, *inter alia*.

22. On or about February 2018, Passyunk plant management began to retaliation against African American, black and brown employees who interviewed with PGW representatives regarding Chavarria's internal complaint.

23. During the investigation and continuing after, plant management began making new rules and/or changing longstanding rules that had never been practiced or enforced at the plant.

24. For example, on February 16, 2018, Benson and Mullin were sitting in the LNG Control Room at Passyunk plant.  Plaintiff was standing in the doorway.

25. Mullin told Plaintiff that Goodwin had to pick up trash.  Plaintiff responded that he was not going to pick any trash up.  Mullin started to say something else to Plaintiff, when Plaintiff interrupted Mullin and said "I know they [McGuire and Martinez] sent you down here to tell me that but I'm not picking no trash up."

26. Plaintiff knew McGuire and Martinez sent Mullin to tell Plaintiff to pick up trash because McGuire and Martinez had started to retaliate against Chavarria and Ackie for participating in the internal complaint interviews, and Plaintiff thought he would be next.

27. Further, since the interviews, most of the white people at Passyunk plant do not talk to Plaintiff anymore.

28. Moreover, before Chavarria's internal complaint and Plaintiff's interview, Passyunk plant management never told him to pick up trash.  EVER.

29. Mullin went to Martinez, who called Plaintiff in the LNG Control Room and asked Plaintiff "Did you say you weren't going to pick up trash?"  Plaintiff answered, "Yeah. I'm not going to pick up trash."

30. Martinez then repeated to Plaintiff what Plaintiff said to Mullin. Martinez then mentioned something about salt bags used in the boiler room have been flying around all over the place, and "you have to pick them up." Plaintiff replied, "I'll pick up salt bags because we're the ones that put them in the dumpster. You made it seem like I was supposed to be walking around picking up Dorito bags."

31. Martinez then asked Plaintiff if he understood, and Plaintiff responded, "Yeah. I'm to pick up salt bags, not Dorito bags. We have a whole yard gang to pick up trash."

32. Plaintiff understands the policy to be that everyone is to pitch in to pick up trash if the yard gang and/or maintenance crew are unavailable to pick up trash. But on the day Mullin and Martinez instructed Plaintiff to do so, both the yard gang and maintenance crew were there to pick up all trash.

33. Three weeks later, Plaintiff learned that Zuk wanted Plaintiff fired over the trash pick-up incident.

34. Plaintiff reasonably believes Mullin's, Martinez's and Zuk's actions were retaliation since O'Donnell and Tomczak stole 3 hours of company time and was not fired (Christmas Day 2017 incident) but PGW management wanted to fire him for not picking up trash.

35. Furthermore, on May 27, 2018, Plaintiff was scheduled to work the 6:00 a.m. to 6:00 p.m. shift. He was going to call out for the 6:00 a.m. shift, however, Benson approved him to come in for 10:00 a.m. to 6:00 p.m. shift. Plaintiff came to work on May 27, 2018 at 9:50 a.m.

36. Despite Plaintiff being approved for that shift change, McGuire and Martinez approached Plaintiff and demanded to see Plaintiff's phone and phone list for May 27, 2018. Plaintiff asked them why, and Martinez answered, "To prove that you called before 6:00 a.m. [on May 27, 2018]. Plaintiff looked his phone and told McGuire and Martinez he did not have his phone call list. Both men left. As a union member, neither McGuire nor Martinez should have approached Plaintiff without his union representative being present, since there was a possible disciplinary action at issue.

37. McGuire and Martinez tried to write Plaintiff up for a disciplinary action saying he was 3 hours and 50 minutes late to work on May 27, 2018.

38. Local 686 later filed a grievance on Plaintiff's behalf regarding the May 27, 2018 matter.  This matter is still being investigated, and Plaintiff is not clear whether the disciplinary action is off his record.

39. But, on or about July 22, 2018, Nelson, who did not participate in the interviews regarding the internal complaint, had a scheduling change in his shift identical to Plaintiff's May 27, 2018 shift change.  However, this time Martinez approved Nelson's shift change and had Benson make the change.

40. Plaintiff reasonably believes the reason for the difference in handling of Nelson's and Plaintiff's shift changes was because Nelson did not participate in the interviews for Chavarria's internal complaint.

41. Another example occurred on June 5, 2018 when Plaintiff took a mandatory TPC training test, which is an operations qualification test ("OQ Test").

42. While in the "library" at the Passyunk plant, Plaintiff had his feet on another chair while watching the interactive video.  His back was towards the door, which was to his right side a few feet behind him/

43. At one point, Plaintiff heard something behind him, so he turned to see Debbie Decolli ("Decolli")(Caucasian) poking her head in the room.  Plaintiff spoke to Decolli, who spoke to Plaintiff and left the room.  Decolli never returned to the room.

44. Later, Plaintiff once again heard something at the door and turned to see McGuire poking his head in the door.  McGuire asked Plaintiff, "Are you comfortable?"  Plaintiff replied, "No, I'm not comfortable.  It's no air in here and it's hot."  McGuire then responded, "Put your feet down, and put your boots on."  He then left.  Plaintiff finished taking the training.

45. On June 7, 2018, there was a safety meeting for the entire plant.  After the meeting, Gaydosh and Gill approached Plaintiff and asked Plaintiff if he was sleep in the room.  Plaintiff

responded, "No, I wasn't sleep."  Gaydosh said, "Because Debbie said she saw you sleep."
Plaintiff responded, "I wasn't sleep."

46. Gaydosh, Gill and Plaintiff then went inside the smaller conference room at the plant
where McGuire and Martinez were waiting.  McGuire said Debbie saw Plaintiff sleep and told
him.  Plaintiff once again denied the allegations.  At no point during this discussion did anyone
say that McGuire also came to the "library."  Neither Decolli nor McGuire came into the room
but simply poked their heads in.

47. Furthermore, Decolli did not attend the meeting on June 7, 2019.

48. Despite these facts, Passyunk plant management gave Plaintiff a written warning
saying he violated corporate discipline policy.

49. Furthermore, between June 4, 2018 and June 18, 2018, McGuire and Martinez kept
asking Benson, Ackie and Plaintiff how the May 27, 2018 situation happened.

50. On June 18, 2018, McGuire called Plaintiff in a meeting with Kluzinski, McGuire,
Gaydosh and Gill.

51. Kluzinski opened the meeting, introduced himself and said PGW was going to
remove (withdraw) the disciplinary action.  When asked if he had something to say, Plaintiff
responded, "My whole time I've been here, I've never been in trouble.  Now, since the time
Tomczak was clocked in by O'Donnell [Christmas 2017], every time I turn around, I'm in this
room.  It's funny that with the Tomczak incident, not one time did Brian [McGuire] or Dave
[Martinez] come down and ask us what happened. It seems like retaliation to me."  At that point,
Kluzinski ended the meeting and the written warning, which would have caused Plaintiff to
receive a one day suspension, was withdrawn.

52. Furthermore, since the interviews, Plaintiff has requested days off, which were
initially approved, then taken back; has been denied call outs, while others in the plant are
granted call outs; and is being ostracized by non-protected class employees including plant
management personnel: McGuire, Martinez, O'Donnell and Mack, *inter alia*.

53. As a result of these and continuing actions by plant management, Plaintiff has been under tremendous stress, not being able to sleep well and always watching his back, double checking his work for fear someone will sabotage his work or job performance.  It is taking a toll on Plaintiff physically and emotionally.

**WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper.

**COUNT II**
**Plaintiff v. PGW and Local 686**
**Race and Color Discrimination –**
**Hostile Work Environment (Continuing Violations)**

54. Plaintiff re-avers and incorporates by reference all averments in all paragraphs, *supra.*

55. McGuire created and continues to create a hostile work environment segregated by race and color.

56. In November 2017, LNG truck unloading was done at the Passyunk plant by three process operator: Ackie, Stephen Edwards ("Edwards") and Plaintiff.  No foreman was used for this process but Operation Supervisors were scheduled.

57. On Christmas day 2017, Tomczak was scheduled to begin work at 6:00 p.m.  He was suppled to replace Ortiz, who was finished his shift at 6:00 p.m.

58. That same day, Plaintiff worked the B Shift – 6:00 p.m. to 6:00 a.m., and replaced Ackie.  But at the time Plaintiff reported to work, Tomczak was not present.  Tomczak did not report to work until 9:00 p.m., but his time sheet showed him as being clocked in at 6:00 p.m.

59. O'Donnell clocked in Tomczak on December 25, 2017.

60. McGuire and Martinez never asked Plaintiff about the Tomczak/O'Donnell Christmas Day 2017 stealing time incident.

61. During the investigation of the internal complaint and continuing thereafter, plant management created a work environment became unsafe and hostile against African American, black and brown employees at the Passyunk plant.

62. In January 2018, there was another LNG truck unloading at Passyunk plant.

63. At that time, Plaintiff, Ackie and Jenkins were available to do the LNG truck unloading.  There was no need to bring in process operators from the Richmond plant.

64. In continuance of Passyunk plant management's retaliation against African American, black and brown employees, McGuire approved bringing in McGlone and Macomber from the Richmond plant for one month to do LNG truck unloading at Passyunk plant.  This is work Plaintiff, Ackie and Jenkins could/should have performed.

65. Since Plaintiff's time at Passyunk plant, management never brought in workers from the Richmond plant to do the LNG truck unloading.

66. Plaintiff reasonably believes Passyunk plant management brought in other process operators to retaliate against him and Ackie for participating in the interviews related to the internal complaint.

67. For the first 2 to 3 weeks, McGlone and Macomber worked 12 hour days, thereby earning overtime hours and pay.  Before the internal complaint was filed in December 2017, McGuire and other Passyunk plant management would offer this overtime work to Plaintiff, Ackie or Jenkins.

68. However, on the last week of their time at Passyunk plant, McGuire cut McGlone and Macomber's work to 8 hour days.  Thus, they also did not receive overtime.

69. When McGlone complained to McGuire about the decrease in time, McGuire stated to him "Give me time because I have 'bad apples' here."

70. Plaintiff and Ackie initiated a grievance with Local 686 on February 21, 2018, to which McGlone and Macomber later joined complaining of the use Richmond workers for overtime and the reduced hours related to the LNG truck unloading project.

71. The same day McGlone and Macomber joined the grievance, Macomber received a call from Coleman encouraging him to take his name off the grievance because of the problems at Passyunk plant.  Coleman also told Macomber that Gaydosh could take his name off the grievance.

72. Local 686 continues to act more like representatives of management rather than union employees in matters against PGW, which furthers the hostile work environment.

73. The discrimination against against African American, black and brown males is so pervasive that Macomber noticed and witnessed it.

74. Though filed in February 2018, in April 2018 Local 686 decided not to further investigate the matter but did not notify Plaintiff of its decision until July 28, 2018, when Goodwin asked for copies of the grievance.

75. In the grievance, which is number 18-08-02, Macomber's name was removed.

76. Local 686 representatives and leadership continues to co-sign plant management decisions, and fails to provide independent investigation and representation of African American, black and brown members, thereby promoting the continuing, persistent hostile work environment.

77. Based on the foregoing, Plaintiff avers Defendants violate PHRA, Title VII and Section 1983 as follows:

   a.  Plaintiff is and was subjected to continuing and persistent race and color discrimination in the terms and conditions of his employment regarding scheduling of work assignments, overtime, *inter alia.*

   b.  Plant management's and Local 686's conduct via McGuire, Martinez, Gaydosh, *inter alia*, is not welcomed by Plaintiff.

   c.  Plant management's and Local 686's conduct was motivated by the fact that Plaintiff is African American, brown and/or black male.

   d.  Plant management's and Local 686's conduct is so severe or pervasive that a

reasonable person in Plaintiff's position would find his work environment to be hostile or abusive.

      e.  Plaintiff believes his work environment to be hostile or abusive as a result of plant management and Local 686 via McGuire's, Martinez's, Gaydosh's, *inter alia*, conduct.

      f.  Plaintiff suffered an adverse tangible employment action as a result of the hostile work environment

     **WHEREFORE,** Plaintiff respectfully requests this Honorable Court enter judgment in him favor and against Defendant PGW in the form of front pay, back pay, compensatory and punitive damages, attorney's fees, expert fees, costs and such other relief as this Court deems proper

                          **Respectfully submitted:**

                          LAW OFFICE OF KARIN M. GUNTER

                          Karin M. Gunter, Esquire
                          PA Supreme Court Id: 79852
                          85 Old Cedarbrook Road
                          Wyncote, PA 19095
                          (215) 548-9992

EEOC Form 161 (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

# DISMISSAL AND NOTICE OF RIGHTS

To: Maurice A. Goodwin
2111 bridge st
Philadelphia, PA 19124

From: Philadelphia District Office
801 Market Street
Suite 1300
Philadelphia, PA 19107

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |
|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2018-04754 | Legal Unit, Legal Technician | (215) 440-2828 |

## THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

On behalf of the Commission

_Jamie R. Williamson_

**Jamie R. Williamson,**
**District Director**

Enclosures(s)

07/02/2019

(Date Mailed)

cc: **PHILADELPHIA GAS WORKS**
Brett Zahorchak, Esq. (For Respondent)
**Senior Attorney**
800 W. Montgomery Ave, 4th Floor
Philadelphia, PA 19122

Karin Gunter, Esq. (For Charging Party)
**Attorney at Law**
85 Old Cedarbrook Road
Wyncote, PA 19095

## Exhibit "A"

EEOC Form 161 (11/16)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Maurice A. Goodwin<br>2111 Bridge st<br>Philadelphia, PA 19124 | From: | Philadelphia District Office<br>801 Market Street<br>Suite 1300<br>Philadelphia, PA 19107 |
|---|---|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 530-2019-00185 | Legal Unit,<br>Legal Technician | (215) 440-2828 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[ ]  The EEOC issues the following determination:  Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes.  This does not certify that the respondent is in compliance with the statutes.  No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court.  Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost.  (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):**  EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment.  This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

_Jamie R. Williamson_

07/02/2019

Enclosures(s)

**Jamie R. Williamson,**
**District Director**

(Date Mailed)

cc:  **Gas Workers Employees Union Local 686**
**Nicholas J. Botta, Esq. (For Respondent)**
**Senior Attorney**
**230 S. Broad St., Suite 1400**
**Philadelphia, PA 19102**

**Karin Gunter, Esq. (For Charging Party)**
**Attorney at Law**
**85 Old Cedarbrook Road**
**Wyncote, PA 19095**

**VERIFICATION**

I, MAURICE A. GOODWIN, am Plaintiff in the foregoing pleading.  I hereby verify that the averments set forth in the herein Complaint of Discrimination are true and correct, to the best of my knowledge, information and belief.  I understand that false statements herein are made subject to the penalties of 18 Pa.C.S.A. section 4904, relating to unsworn falsification to authorities and 28 U.S.C. section 1746 unsworn declarations under penalty of perjury.

Dated: _9/23_____, 2019          _____

                                      Maurice A. Goodwin